IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

**MARLA MORRISETT**                                                                       **PLAINTIFF**

**v.**                             **Case No. 3:18-cv-00184-JTK**

**ANDREW SAUL,** *Commissioner*,
**Social Security Administration**                                            **DEFENDANT**

## MEMORANDUM AND ORDER

Plaintiff Marla Morrisett has appealed the final decision of the Commissioner of the Social Security Administration (SSA) denying her claim for disability insurance benefits (DIB), based on disability.[1] Both parties have submitted appeal briefs, and the case is now ready for decision.[2] The only issue before the Court is whether the Commissioner's decision is supported by substantial evidence. After reviewing the administrative record and the argument of the parties, the Court finds the Commissioner's decision is supported by substantial evidence.

**I.**     **Background**

Mrs. Morrisett protectively filed for DIB on May 20, 2016, alleging a disability onset date of April 1, 2015. (Tr. 11, 131, 242) She claims disability due to: plantar fasciitis,

---

[1]"Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). A "physical or mental impairment" is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

[2]The parties consented to the jurisdiction of the United States Magistrate Judge. (Docket Entry No. 4)

degeneration of intervertebral disc of cervical region, chronic pain, arthritis, neck pain, sacroiliac joint dysfunction, muscle spasms, headaches, low back pain, shortness of breath, solitary thyroid nodule right lower, abnormal chest, right thyroid, bilateral low back pain, non-morbid obesity, degeneration of lumbar, acid reflux disease, narrowing of spinal canal, left hip pain, and chronic pain of left knee. (Tr. 133, 293) Plaintiff's claim was denied at the initial and reconsideration levels. A hearing was held on February 22, 2018, before an Administrative Law Judge (ALJ).[3] The ALJ issued an unfavorable decision, denying Plaintiff's claim on April 18, 2018. (Tr. 8-23) The Appeals Council subsequently denied the request for review. (Tr. 1-3) It is from this decision that Plaintiff now brings her appeal.

## II. Administrative Proceedings

Plaintiff was forty-three (43) years old at the time of the administrative hearing and had past relevant work as a material handler. (Tr. 106-7) The ALJ applied the five-step sequential evaluation process[4] to Plaintiff's claim. Plaintiff satisfied the first step because she had not engaged in substantial gainful activity since her alleged onset date April 1, 2015.

---

[3] The Honorable David L. Knowles.

[4] The five part test asks whether the claimant: (1) is currently employed; (2) severely impaired; (3) has an impairment or combination of impairments that meet or approximate a listed impairment; (4) can perform past relevant work; and if not, (5) can perform any other kind of work. Through step four of this analysis, the claimant has the burden of showing that he is disabled. Only after the analysis reaches step five does the burden shift to the Commissioner to show that there are other jobs in the economy that the claimant can perform. *Steed v. Astrue*, 524 F.3d 872, 875 n. 3 (8th Cir. 2008).

At step two, the ALJ found Plaintiff had the following medically determinable impairments[5]: cervical and lumbar degenerative disc disease, osteoarthritis of the left hip and knee, peripheral neuropathy, heel spurs, plantar fasciitis, and obesity, but at step three, he found none of these impairments met or equaled a listing. (Tr. 13-14) Before proceeding to step four, the ALJ determined Plaintiff had the residual functional capacity[6] (RFC) to perform unskilled, sedentary work,[7] with restrictions: (1) lift and carry 10 pounds occasionally and less than 10 pounds frequently; (2) stand and/or walk two hours in an eight-hour workday; (3) sit six hours in an eight-hour workday; (4) push and/or pull 10 pounds occasionally and less than 10 pounds frequently; (5) use an assistive device when walking and/or standing; (6) reach frequently overhead with the right arm and occasionally with the left; and (7) sit/stand option that involves standing or walking in intervals of 10 minutes and sitting in intervals of 30 minutes. (Tr. 14)

The ALJ found Plaintiff unable to perform any past relevant work. (Tr. 22) Relying

---

[5]A "physical or mental impairment" is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

[6]"RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis. A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent work schedule." SSR 96-8p, 1996 WL 374184, at *1 (Social Security Administration, July 2, 1996).

[7]"Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. § 416.697(a).

on the testimony of a vocational expert (VE), the ALJ found other work existing in the national economy that Plaintiff could perform, such as document preparer and call out operator. (Tr. 23) Accordingly, the ALJ found Petitioner was not disabled. (*Id.*)

## III. Plaintiff's Allegations

Plaintiff claims the ALJ's decision that she is not disabled because she can perform other work in the economy is not supported by substantial evidence on the record as a whole. (Plaintiff's Brief, Doc. No. 14, p. 17) Specifically, Plaintiff contends the ALJ (1) improperly discredited the opinion of Clarence Kemp, M.D., her treating physician, and (2) failed to consider her limited daily activities and long work record when assessing her credibility. (*Id.* at 17-30)

## IV. Discussion

### A. Standard of Review

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence. *Prosch v. Apfel*, 201 F.3d 1010, 1012 (8th Cir. 2000); 42 U.S.C. § 405(g). "Substantial evidence" in this context is less than a preponderance but more than a scintilla. *Slusser v. Astrue*, 557 F.3d 923,925 (8th Cir. 2009). In other words, it is "enough that a reasonable mind would find it adequate to support the ALJ's decision." *Id.* (citation omitted) The Court does not "reweigh the evidence presented to the ALJ," *Baldwin v. Barnhart*, 349 F.3d 549, 555 (8th Cir. 2003) (citing *Bates v. Chater*, 54 F.3d 529, 532 (8th Cir. 1995)), or "review the factual record *de novo*." *Roe v. Chater*, 92 F.3d 672, 675 (8th Cir. 1996) (citing *Naber v. Shalala*, 22 F.3d 186, 188 (8th Cir. 1994)). Instead, if, after

4

reviewing the evidence, the Court finds it "possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, [the Court] must affirm the [Commissioner's] denial of benefits." *Kluesner v. Astrue*, 607 F.3d 533, 536 (8th Cir. 2010) (quoting *Finch v. Astrue*, 547 F.3d 933, 935 (8th Cir. 2008)). This is true even in cases where the Court "might have weighed the evidence differently." *Culbertson v. Shalala*, 30 F.3d 934, 939 (8th Cir. 1994) (quoting *Browning v. Sullivan*, 958 F.2d 817, 822 (8th Cir. 1992)). The Court may not reverse the Commissioner's decision "merely because substantial evidence exists for the opposite decision. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) (quoting *Johnson v. Chater*, 87 F.3d 1015, 1017 (8th Cir. 1996)); *see Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir. 2005)("[A]n administrative decision is not subject to reversal simply because some evidence may support the opposite conclusion.").

### B. Arguments on Appeal

Plaintiff contends the Commissioner's decision that she is not disabled is not supported by substantial evidence on the record as a whole. (Plaintiff's Brief, Doc. No. 14, pp. 15-17) Specifically, Plaintiff avers the ALJ reached his decision she could perform a wide range of sedentary work by discounting the opinion of her treating physician, Dr. Kemp, and instead relying on the opinions of state agency doctors who did not actually examine her but just reviewed some of her medical records. She also argues the ALJ failed to consider her limited daily activities and long work record when assessing her credibility. (*Id.* at pp. 17-30)

#### 1. RFC and Dr. Kemp's Opinion

The ALJ bears a responsibility to develop the record fairly and fully, independent of the Plaintiff's burden to prove disability. *See Snead v. Barnhart*, 360 F.3d 834, 838 (8th Cir. 2004). A claimant's RFC is based on all relevant evidence, including medical records, observations of treating physicians and others, and claimant's own descriptions of his limitations. *Anderson v. Shalala*, 51 F.3d 777, 779 (8th Cir. 1995).

Plaintiff argues first that, in determining her ability to perform sedentary work, the Commissioner gave inadequate deference to her treating physician's opinion. She states the ALJ relied instead on the opinions of state agency doctors who did not actually examine her but just reviewed some of her medical records. The Court disagrees.

In his assessment, Dr. Kemp indicated Plaintiff was limited to lifting and carrying less than 10 pounds, sitting less than two hours in an eight-hour day, and standing/walking less than two hours in an eight-hour day. (*Id.* at p. 18; Tr. 1229-1230, Exhibit 22F) Further, Dr. Kemp opined Plaintiff would need to shift at will from sitting or standing/walking and could never engage in postural activities, such as twisting, bending, or crouching; could never engage in reaching, including overhead, or pushing/pulling; and could only occasionally finger, handle, and feel. (*Id.*) Dr. Kemp determined Plaintiff would have difficulty working an eight-hour workday on a sustained basis and would need to take unscheduled breaks and miss work more than two days per month. (*Id.*)

An ALJ will give a treating physician's opinion controlling weight only if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is consistent with the other substantial evidence. *Myers v. Colvin*, 721 F.3d 521, 525 (8th Cir.

6

2013); *House v. Astrue*, 500 F.3d 741, 744 (8th Cir. 2007); 20 C.F.R. § 404.1527(c)(2).[8]

"[A]n ALJ may discount or even disregard the opinion of a treating physician where other medical assessments are supported by better or more thorough medical evidence, or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions." *Wildman v. Astrue*, 596 F.3d 959, 964 (8th Cir. 2010) (internal quotation marks and citation omitted). The ALJ is free to reject the opinion of any physician when it is unsupported in the physician's own treatment notes or other evidence of record. *Myers*, 721 F.3d at 525; *Travis v. Astrue*, 477 F.3d 1037, 1041 (8th Cir. 2007); *Hacker v. Barnhart*, 459 F.3d 934, 937 (8th Cir. 2006). "Whether the ALJ grants a treating physician's opinion substantial or little weight, the regulations provide that the ALJ must 'always give good reasons' for the particular weight given to a treating physician's evaluation." *Prosch v. Apfel*, 201 F.3d at 1013. Once the ALJ has decided the weight of a medical opinion, the Court's role is limited to review only whether such determination is supported by substantial evidence, not to decide whether the claimant's view of the evidence is supported by substantial evidence. *See Brown v. Astrue*, 611 F.3d 941, 951 (8th Cir. 2010).

Although not dispositive of the weight entitled to the opinion, the Court finds that

---

[8] For claims filed on or after March 27, 2017, the regulations have been amended to eliminate the treating physician rule. The new regulations provide that the Social Security Administration "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from your medical sources," but rather, the Administration will consider all medical opinions according to several enumerated factors, the "most important" being supportability and consistency. 20 C.F.R. § 404.1520c. Plaintiff filed her claim in 2016, so the previous regulations apply.

substantial evidence supports the ALJ's decision. On November 18, 2016, Dr. Kemp determined Plaintiff was completely and permanent disabled. (Tr. 21; Tr. 1317-1318, Exhibit 26F) In January 2017, Dr. Kemp completed the Medical Opinion Re: Ability to do Work-Related Activities form, and he outlined the restrictions previously mentioned and still opined Plaintiff was unable to work. (Tr. 1229-1230, Exhibit 23F) "[T]reating source opinions on issues that are reserved to the Commissioner are never entitled to controlling weight or special significance. Giving controlling weight to such opinions would, in effect, confer upon the treating source the authority to make the determination or decision about whether an individual is under a disability, and thus would be an abdication of the Commissioner's statutory responsibility to determine whether an individual is disabled." Social Security Ruling (SSR) 96-5P, 1996 WL 374183, at *2; *see also Davidson v. Astrue*, 578 F.3d 838, 842 (8th Cir. 2009); *House v. Astrue*, 500 F.3d at 745. Therefore, the Court finds the ALJ did not err by not giving great weight to Dr. Kemp's opinion Plaintiff was unable to work. In giving Dr. Kemp's opinion little weight, the ALJ noted the opinion was based primarily on Plaintiff's subjective symptoms and was devoid of any clinical findings or reference to objective testing. (Tr. 21) *Piepgras v. Chater*, 76 F.3d 233, 236 (8th Cir. 1996) ("A treating physician's opinion deserves no greater respect than any other physician's opinion when [it] consists of nothing more than vague, conclusory statements."); *see also Wildman v. Astrue*, 596 F.3d at 967 (holding it was proper to discount a medical opinion consisting of three checklist forms, cited no medical evidence, and provided little to no elaboration); *Thomas v. Berryhill*, 881 F.3d 672, 675 (8th Cir. 2018) (giving little weight to

a medical opinion consisting of checked boxes, circled answers, and brief fill-in-the-blank responses without medical evidence and providing little to no elaboration).

Plaintiff is able to care for herself, prepare simple meals, do laundry and other household chores, shop, pay bills, use a checkbook, and drive. (Tr. 20; Tr. 261-76, Exhibit 1E; Tr. 342-535, Exhibit 15E) Inconsistencies between Plaintiff's subjective complaints and her activities diminish her credibility. *Goff v. Barnhart*, 421 F.3d at 792. The ALJ found Plaintiff does experience some limitations due to medical problems, but these limitations or bouts with pain do not establish disability. *See Perkins v. Astrue*, 648 F.3d 892, 903 (8th Cir. 2011). Thus, Plaintiff's ability to engage in the daily activities described, even if difficult or painful to do so, indicates that her impairments are not as limited as she claims. While Dr. Kemp noted Plaintiff's use of a cane, no medical record appears to indicate that any medical doctor initiated her use of the cane. A claimant's self-report to a physician is not sufficient to support the necessity of any assistive device. *See Brooks v. Berryhill*, 2017 WL 4280619, at *3 (E.D. Mo. Sept. 27, 2017). Further, a number of diagnostic tools, including an EMG, several MRIs, and a CT scan, showed degenerative changes but noted no condition so limited as to prevent all work activities. "Objective tests showing mild to moderate conditions do not support a finding of disability." *See Simons v. Berryhill*, 2018 WL 2123379, at *2 (E.D. Ark. May 8, 2018) (citing *Masterson v. Barnhart*, 363 F.3d 731, 738-39 (8th Cir. 2004). Plaintiff received treatment for her back and neck pain with medication, physical therapy, massage therapy, injections and a TENS unit, but she has not required surgery. (Tr. 15-17, 111, 119, 455, 830-31, 881-882)

9

Plaintiff also takes issue with the ALJ's reliance on the opinions of two state agency doctors who never examined her but instead reviewed only some of her records. (Plaintiff's Brief, Doc. No. 14, at p. 27) The opinion of a physician who examines a claimant once or not at all does not generally constitute substantial evidence." *Kelley v. Callahan*, 133 F.3d 583, 589 (8th Cir. 1998). That "reliance" does not mean the ALJ gave the opinions greater weight than he did the treating physician's opinions nor that he could not consider those opinions, which were not considered in a vacuum but instead taken into account with all other record evidence. Notably, between the state agency opinions, the ALJ clearly gave greater weight to the state agency opinion with access to the most recent treatment records for a more global review. (Tr. 21) Considering the record as a whole, the ALJ properly discounted the medical opinion of Dr. Kemp because Plaintiff's symptoms, daily activities and medical history do not support that she is as limited as Dr. Kemp's opinion states.

The ALJ properly considered all of the medical and other relevant evidence of record in making his RFC determination, including Plaintiff's descriptions of limitations, observations of treating and examining physicians and others, and medical records including any observations therein. Based on the evidence as a whole, the ALJ found Plaintiff could perform some work in the national economy with limitations. It is her burden to prove RFC. *See Bowen v. Yuckert*, 482 U.S. 137 (1987). Thus, substantial evidence supports the RFC determination because the ALJ's RFC is supported by medical evidence that is sufficiently clear to allow for an understanding of how Plaintiff's limitations function in a work environment. *See Cox v. Astrue*, 495 F.3d 614, 620 n.6 (8th Cir. 2007).

## 2. Credibility

Plaintiff argues second that the ALJ failed to consider her limited daily activities and long work history in assessing her credibility. (Plaintiff's Brief, Doc. No. 14, at pp. 27-30) In her Brief, she cites to her testimony at the administrative hearing as to both her limitations and pain. She recounts her ability to function and perform daily activities, and notes that, had the ALJ believed her, he would not have found her capable of sedentary work. (*Id.*)

In considering the credibility of a claimant's subjective complaints, an ALJ must consider the claimant's prior work record and observations by third parties and treating and examining physicians relating to such matters as the following: (1) the claimant's daily activities; (2) the duration, frequency and intensity of the pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness and side effects of medication; and (5) functional restrictions. *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984). However, the ALJ is "not required to discuss each *Polaski* factor as long as 'he acknowledges and considers the factors before discounting a claimant's subjective complaints.'" *Halverson v. Astrue*, 600 F.3d 922, 932 (8th Cir. 2010) (quoting *Moore v. Astrue*, 572 F.3d 520, 524 (8th Cir. 2009)). Furthermore, the Court will generally defer to the ALJ's decision to discredit the claimant's complaints if the ALJ gave good reasons for doing so. *Halverson*, 600 F.3d at 932.

Review of the ALJ's decision shows he considered the entire record. The Court will not substitute its opinion for that of the ALJ, who is in a better position to assess credibility. Work history and activities of daily living are only factors among many for an ALJ to

consider. *See Curran-Kicksey v. Barnhart*, 315 F.3d 964, 969 (8th Cir. 2003) (work history); *Russell v. Apfel*, 198 F.3d 251, at *1 (8th Cir. 1999) (daily activities). Here, the ALJ referred to the *Polaski* considerations and cited inconsistencies in the record to support his findings. The Court has carefully reviewed the record and determined the ALJ's finding that Plaintiff's subjective complaints were not fully credible was adequately explained and supported by the record as a whole.

## V. Conclusion

The Court has carefully reviewed the record and finds the Commissioner's decision to be supported by substantial evidence and free of significant legal error. Plaintiff's impairment does not prevent unskilled light work.

THEREFORE, the Court hereby affirms the Commissioner's final determination and dismisses Plaintiff's Complaint with prejudice.

SO ORDERED this 5th day of November, 2019.

_____
UNITED STATES MAGISTRATE JUDGE